**Ex parte Alex PENA, Applicant.**

**No. WR–36089–04.**

Court of Criminal Appeals of Texas.

Dec. 7, 2005.

Alex Pena, pro se.

E. Bruce Curry, District Atty., Kerrville, Matthew Paul, State's Atty., Austin, for State.

KELLER, P.J., filed an opinion dissenting to the remand order.

Applicant complains that he was improperly denied counsel at his parole revocation hearing and that he has never received notice of the outcome of the hearing. Despite these rather modest claims, the Court remands this case to the trial court to answer whether or not applicant received: (a) written notice of the claimed violations of parole; (b) disclosure of evidence against him; (c) the opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (e) a neutral and detached hearing body; and (f) a written statement by the fact finder as to the evidence relied on and reasons for revoking parole. Applicant is entitled to all of these things, but he has not claimed that he was denied them. We should not burden the trial court with obtaining affidavits regarding matters that were not pled. Presumably, the trial court determined before forwarding us the application that the claims had no merit. It doesn't seem right to expect the trial court to address on remand matters that were apparently not at issue.

As to the first claim that applicant did make—that he was entitled to counsel under the Fair Defense Act at his parole revocation hearing—he has not pled sufficient facts to establish that he was entitled to counsel under the relevant statutes.

This is his second claim:

Parole revocation hearing held on March 28, 2005 with parole officer stating, "will get a response in 3 to 4 weeks.["] It has now been well over 3 months and no answer as to parole violation hearing.

As to this claim, the record shows that a letter was sent to applicant on August 12, 2005, at the state jail where he is incarcerated, telling him that his parole was revoked due to a new conviction. Applicant has not complained that he was denied a written statement of the evidence relied on and reasons for revocation. It having been established that the claim that applicant made is unfounded, we should simply deny relief.

I dissent to the remand.